## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN MATTHEWS, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| NATIONAL RAILROAD PASSENGER | : PLAINTIFF REQUESTS TRIAL BY JURY |
| CORPORATION; | : |
| AMTRAK; | : |
| CHAD DEMORE (individually); | : |
| BENJAMIN SAFFER (individually); | : |
| PAUL LEVASSEUR (individually); | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

PLAINTIFF, MELVIN MATTHEWS, by and through undersigned counsel hereby files this Civil Action Complaint against Defendant NATIONAL RAILROAD PASSENGER CORPORATION, AMTRAK, CHAD DEMORE (individually), BENJAMIN SAFFER (individually), PAUL LEVASSEUR (individually) (hereinafter collectively referred to as "Defendants") and avers the following:

## PARTIES

1.     PLAINTIFF, Melvin Matthews, (hereinafter also referred to as "PLAINTIFF") is an individual, African American individual who is a resident of the Commonwealth of Pennsylvania.

2.     Defendant NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter also referred to as "Defendant NRPC") is a miscellaneous corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 30th Street Station, 2955 Market Street, Philadelphia PA 19104.

1

3.      Defendant, AMTRAK (hereinafter referred to as "Defendant AMTRAK") was and still is a miscellaneous corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 30th Street Station, 2955 Market Street, Philadelphia PA 19104.

4.      Defendant CHAD DEMORE, (hereinafter also referred to as "Defendant DEMORE") was or still is employed by Defendant AMTRAK as the Director of Undercutting.

5.      Defendant DEMORE is a Caucasian male.

6.      At all times material, Defendant DEMORE held supervisory authority over PLAINTIFF.

7.      Defendant BENJAMIN SAFFER (hereinafter also referred to as "Defendant SAFFER") was or still is employed by Defendant AMTRAK as the Manager of Engineering Production.

8.      Defendant SAFFER is a Caucasian male.

9.      At all times material, Defendant SAFFER maintained supervisory authority over PLAINTIFF.

10.     Defendant PAUL LEVASSEUR (hereinafter also referred to as "Defendant LEVASSEUR") was or still is employed by Defendant AMTRAK as the Manager of Engineering Production.

11.     Defendant LEVASSEUR is a Caucasian male.

12.     At all times material, Defendant LEVASSEUR held supervisory authority over PLAINTIFF.

13.     At all relevant times, PLAINTIFF was an employee of Defendant and entitled to protections under Section 1981 and Title VII.

## NATURE OF THE CASE

14.     PLAINTIFF complains pursuant to Section 1981; Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. § 2000e, et seq.; the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRA"); and the Philadelphia Fair Practices Ordinance ("PFPO"); under the laws of the Commonwealth and seeks damages to redress injuries PLAINTIFF suffered as a result of Defendants' discrimination, harassment, retaliation and the hostile work environment which ultimately led to PLAINTIFF'S unlawful termination from PLAINTIFF'S employment for Defendants.

## JURISDICTION AND VENUE

15.     This action involves a Question of Federal Law under 28 U.S.C. § 1331, Section 1981, and Title VII of the Civil Rights Act of 1964.  The honorable Court also has supplemental jurisdiction over the Causes of Action.

16.     Venue is proper in the Eastern District of Pennsylvania as PLAINTIFF was employed by Defendant and worked in Philadelphia County, Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

17.     On or around November 30, 2021, PLAINTIFF filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (530-2022-01251) against Defendant as set forth herein.  PLAINTIFF'S Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

3

18.     On or about February 7, 2022, the EEOC sent a Dismissal and Notice of Rights to PLAINTIFF by electronic mail.

19.     This action is hereby commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.

20.     PLAINTIFF's PHRA claims are still pending before PHRC because less than one year has elapsed since PLAINTIFF filed his PHRA claims.

21.     After the one year waiting period has elapsed on PLAINTIFF's PHRA claims, PLAINTIFF will amend his complaint to assert the newly ripened causes of action under the PHRA against the parties referenced above. See Fed. R. Civ. P. 15(a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiffs may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## MATERIAL FACTS

22.     PLAINTIFF has been employed with Defendants NRPC and AMTRAK for approximately thirteen (13) years.  PLAINTIFF is currently an Assistant Supervisor in the Track Land System Unit.

23.     PLAINTIFF is the only African American individual with the role as an Assistant Supervisor in the TLS Unit.

24.     From the beginning of PLAINTIFF'S employment, Defendants have subjected PLAINTIFF to pervasive discrimination and harassment in the workplace due to his race.

25.     Defendants have disproportionately allotted overtime hours to white and non-African American employees but did not offer the same to PLAINTIFF.  When Plaintiff requested overtime hours, Defendants would deny his request all altogether.

26.    Similarly situated Caucasian employees are not subjected to the same treatment.

27.    Additionally, Defendants have previously and continue to overlook PLAINTIFF for promotions.

28.    Promotions are granted to similarly situated Caucasian employees with less seniority, experience and/or credentials.

29.    Defendants subjected PLAINTIFF to disproportionate amounts of discipline in comparison to his similarly situated Caucasian coworkers.

30.    Specifically, Defendants have delayed or refused to give write ups to white employees who violate Defendants' policies, but immediately give write ups to African American employees who commit similar infractions.

31.    Furthermore, Defendants subjected Plaintiff to harsher discipline for the same exact infractions than Plaintiff's similarly situated Caucasian peers.

32.    On or around March 4, 2021, Defendant SAFFER conducted a meeting with the six (6) TLS supervisors, which included PLAINTIFF.  During the meeting Defendant SAFFER discussed the expectations of management roles in accordance with Defendants' policies.

33.    On or around May 26, 2021, while PLAINTIFF reviewed his employee evaluation, he learned that on March 4, Defendant SAFFER gave PLAINTIFF a write up for for allegedly violating Defendants' expectations of management roles.

34.    However, the allegations that Plaintiff did not comply with the expectations of his management role were false, as Defendant had given him the write up immediately following the March 4 meeting.  Further, Defendant SAFFER had never given Plaintiff any warning or reprimand of the alleged violation, nor did he specify the specific violation that PLAINTIFF had allegedly committed.

35.    PLAINTIFF also learned that his similarly situated Caucasian coworkers, whom all had attended the meeting on March 4, 2021, did not receive any such write-up.

36.    Later that day, PLAINTIFF requested a meeting with Defendant SAFFER to have the write up removed from his employee file.

37.    Defendant SAFFER's response to PLAINTIFF was that putting the write-up in PLAINTIFF's file was the only way to confirm in the system that he attended the meeting.

38.    Defendant lied to Plaintiff, as there were clearly other ways to confirm attendance to any meeting.

39.    Despite Plaintiff's arguments, Defendant SAFFER upheld the write-up.

40.    Upon information and belief, Defendant SAFFER informed Defendant LEVASSEUR of PLAINTIFF'S complaint.  Shortly thereafter, in a clear act of retaliation, Defendant LEVASSEUR, gave Plaintiff another write-up for alleged violations of company policies.  Again, Defendants did not specify which, if any policies, PLAINTIFF allegedly violated.

41.    On June 2, 2021, Plaintiff complained to Defendants' Human Resources Department of Defendants SAFFER's and LEVASSEUR's discrimination and harassing conduct. Despite PLAINTIFF'S complaint, Defendants took no remedial action.

42.    In or around September 2021, PLAINTIFF applied for a promotion to Track Supervisor. Despite PLAINTIFF having over twenty (20) years of railroad experience, and experience as an ARASA Assistant Supervisor for the last seven (7) years with Defendants, the promotion was given to a Caucasian coworker with substantially less experience than PLAINTIFF.

43.    On or around September 17, 2021, PLAINTIFF filed a grievance with Defendants' Human Resources Department, complaining of race discrimination and harassment, specifically that he was passed over for promotions due to this race.

6

44.    Defendants upheld their decision to promote a Caucasian employee with less experience over PLAINTIFF, without any apparent investigation into his complaints.

45.    Despite knowledge of the disparate and hostile work environment, Defendants have not taken any remedial action to remedy these complaints.

46.    As a result of Defendants' actions, PLAINTIFF feels extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

47.    As a result of the acts and conduct complained of herein, PLAINTIFF has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and PLAINTIFF also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. PLAINTIFF has further experienced severe emotional and physical distress.

48.    That as a result of Defendants' conduct, the PLAINTIFF was caused to sustain serious and permanent personal injuries, including but not limited to permanent psychological injuries.

49.    As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, PLAINTIFF demands Punitive Damages against all the Defendants jointly and severally.

50.    PLAINTIFF further claims aggravation, activation and/or exacerbation of any preexisting condition.

51.    PLAINTIFF claims that Defendants unlawfully discriminated against PLAINTIFF because of his race and/or color, and because he opposed the unlawful conduct of Defendants related to the above protected classes.

52.     PLAINTIFF further claims constructive and/or actual discharge to the extent PLAINTIFF is terminated from PLAINTIFF's position as a result of the unlawful discrimination and retaliation.

53.     The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected PLAINTIFF to on a continuous and on-going basis throughout PLAINTIFF's employment.

54.     The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

55.     PLAINTIFF claims alternatively that PLAINTIFF is an Independent Contractor, and PLAINTIFF makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, PLAINTIFF claims that Defendant owed and breached its duty to PLAINTIFF to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

56.     PLAINTIFF claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

**COUNT I**
**UNDER FEDERAL LAW**
**S.C. SECTION 1981**

57.     PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this complaint.

58.     42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

8

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

59.    PLAINTIFF was discriminated against by Defendant because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

60.    PLAINTIFF claims unlawful retaliation under 42 U.S.C. 1981 due to Defendant's termination of his employment due to his race and/or national origin.

61.    PLAINTIFF also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendant's unlawful employment practices.

**COUNT II**
**DISCRIMINATION UNDER TITLE VII**
**HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT**

62.    PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this complaint.

63.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. PLAINTIFF complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

64.    SEC. 2000e-2. *[Section 703]* states as follows:

(a) Employer practices
It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in

9

any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

65. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against PLAINTIFF because of his race and/or national origin.

66. The discrimination and harassment described above and incorporated into Count IV was severe and pervasive and created a hostile work environment for PLAINTIFF.

67. Defendant subjected PLAINTIFF to discrimination and harassment due to PLAINTIFF'S race and/or national origin.

68. Defendants subjected PLAINTIFF to discrimination and harassment by unlawfully terminating his employment due to his race and/or national origin.

69. PLAINTIFF hereby makes a claim against Defendant under all of the applicable paragraphs of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended.

**COUNT III**
**RETALIATION UNDER TITLE VII**

70. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this complaint.

71. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

72. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against PLAINTIFF with respect to the terms, conditions, and/or

privileges, of his employment, and/or for wrongfully terminating his employment due to his race and/or national origin, and because of his opposition to and reporting of the unlawful employment practices of Defendant.

**COUNT IV**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

73.     PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this complaint.

74.     The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

75.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against PLAINTIFF because of PLAINTIFF'S race.

76.     PLAINTIFF hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100. PLAINTIFF claims

11

violations of the Philadelphia Fair Practice Ordnance due to Defendants' discrimination against PLAINTIFF'S race.

**COUNT V**
**RETALIATION**
**UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

77.     PLAINTIFF hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

78.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

79.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the PLAINTIFF because of PLAINTIFF'S opposition to the unlawful employment practices of PLAINTIFF'S employer.

**COUNT VI**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE –**
**AIDING AND ABETTING**
**(against individual Defendants only and not against corporate Defendants)**

80.     PLAINTIFF hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

81.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

82.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

83.     Where Defendants discriminated against, retaliated against and continued to violate PLAINTIFF'S rights under the law with full knowledge of his complaints, the individual Defendants aided and abetted the ongoing conduct.

## JURY DEMAND

PLAINTIFF requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF demands judgment against Defendant, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By:     /s/Erica A. Shikunov_____
        Erica A. Shikunov, Esquire
        1835 Market Street, Suite 2950
        Philadelphia, Pennsylvania 19103
        Phone: 215.391.4790
DATED: May 2, 2022                Email: erica@dereksmithlaw.com

13